**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LINDSAY M. BILL,

Plaintiff,

Case No.: 8:15-cv-00051-JDW-EAJ

v.

NCO FINANCIAL SYSTEMS, INC.,

Defendant.
_________________________________________/

**DEFENDANT NCO FINANCIAL SYSTEMS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL SITE INSPECTION**

Defendant, NCO Financial Systems, Inc. (NCO), through counsel and under Local Rule 3.01, hereby files this Opposition to the Motion to Compel Site Inspection filed by plaintiff, Lindsay Bill (plaintiff), and states:

## I. INTRODUCTION

Plaintiff filed this action alleging NCO violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, *et seq.*, by "contacting plaintiff's cell phone without express permission." Plaintiff now seeks to inspect "Defendant's Call Center", "telephone systems and any telephone related software used by Defendant in anyway for the purpose of making phone calls to consumers." But plaintiff's request should be denied because it is untimely, vague, ambiguous, overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

***First***, the most recent calls from NCO occurred nearly two and a half years ago,

making it burdensome for NCO to respond to the notice of site inspection. NCO no longer operates many call center sites and, to the extent NCO still operates the sites, many of the sites are no longer used as call centers or now utilize different telephone systems and software. Moreover, the calling equipment used by NCO to call any "consumer" unrelated to the calls to plaintiff is irrelevant to plaintiff's claim that she received automated calls from NCO.

***Second***, plaintiff's request is not reasonably calculated to lead to the discovery of admissible evidence because plaintiff's counsel seeks to inspect the sites without an expert qualified to testify to the Court, and necessarily creates an untenable dynamic where counsel is making himself a witness.

***Third***, the request is overbroad and unduly burdensome when much less costly and burdensome means exist to answer the question of whether plaintiff was called by an "automatic telephone dialing system."

## II. BACKGROUND

On January 9, 2015, plaintiff filed this action alleging NCO violated the TCPA by "contacting plaintiff's cell phone without express permission." After NCO moved to dismiss plaintiff's first complaint, on February 27, 2015, plaintiff filed her amended complaint making the same allegations.

Subsequently, on March 3, 2015 (more than one month before the case management conference, before discovery opened, and in violation of Federal Rule of Civil Procedure 26(d)(1)), plaintiff served a notice of site inspection on NCO. (See Doc. 20, Ex. B). In the notice of site inspection, plaintiff makes the following request:

> That Defendant permit Plaintiff to enter **<u>Defendant's Call Center</u>** and to inspect and to photograph, examine Defendant's telephone system and any telephone related software used by Defendant in anyway for the purpose of making phone calls to consumers, including the named Plaintiff in the 48 months preceding the institution of this action.
>
> * * *
>
> The term "Defendant's Call Center" is a generic term used to reference the physical place/location from which Defendant made the complained of calls to Plaintiff's phone. The term "telephone system and software" is a generic term used to reference the exact phones and/or the entirety of the telephonic equipment used by Defendant or Defendant's agents to make calls or to assist in making calls to consumers, including Plaintiff.

*Id*.

Despite the premature nature of the notice of site inspection, NCO objected on April 2, 2015. (See Doc. 20, Ex. A). Subsequently, on April 21, 2015, plaintiff served a renewed, identical notice of site inspection.[1] NCO again served objections on May 20, 2015. Now, over five months later, plaintiff moves to compel authorization to allow the prematurely noticed site inspection, claiming a need to examine "the particularities of Defendant's telephone system used in the making of calls." (Doc. 20 at 2).

Plaintiff's motion is misguided. ***First***, the most recent calls from NCO occurred nearly two and a half years ago making it burdensome for NCO to respond to the notice of site inspection. In this case, calls to plaintiff originated from various offices then in

[1] Plaintiff does not move to compel a response to the renewed, and arguably timely, notice of site inspection nor did she take issue with the objections served in response. Instead, her motion to compel focuses only on the March 3, 2015 notice of site inspection. But again, the March 3rd notice was premature. Under Federal Rules of Civil Procedure 26, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . ." The parties held the Rule 26(f) conference on April 9, 2015. (See Doc. 15). Plaintiff served the notice of site inspection on March 3, 2015 – over 30 days prior to the 26(f) conference. (See Doc. 20, Ex. B). This alone is reason to deny plaintiff's motion to compel.

use by NCO. NCO no longer operates many of those call center sites and, to the extent NCO still operates the sites, many of the sites are no longer used as call centers or now utilize different telephone systems and software. ***Second,*** plaintiff's request is not reasonably calculated to lead to the discovery of admissible evidence because plaintiff's counsel seeks to inspect the sites without an expert qualified to testify to the Court. ***Third***, the request is overbroad and unduly burdensome when much less costly and burdensome means exist.

## III. MEMORANDUM OF LAW

Federal Rule of Civil Procedure 34(a)(2) permits entry upon "designated land . . . so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." "[A]n inquiry into when to compel an inspection goes beyond mere 'relevance' and must balance the need presented by the moving party against the 'burdens and dangers created by the inspection.'" *Johnson v. Mundy Indus. Contractors, Inc.*, 2002 WL 31464984 at *3 (citing *Belcher v. Bassett Furniture Industries, Inc.* 588 F.2d 904, 907 (4th Cir. 1978)); *accord Jones v. Gen. Growth Properties, Inc.*, 2013 WL 2948151, at *2 (M.D. La. June 14, 2013); *Silverstein v. Fed. Bureau of Prisons*, 2009 WL 1451684, at *2 (D. Colo. May 20, 2009); *Keith H. v. Long Beach Unified Sch. Dist.*, 228 F.R.D. 652, 659 (C.D. Cal. 2005); *E.E.O.C. v. U.S. Bakery*, 2004 WL 1307915, at *2 (D. Or. Feb. 4, 2004). "The need for such balancing is rooted in the reality that 'entry upon a party's premises may entail greater burdens and risks than mere production of documents,' as to which the general relevance standard of Rule 26(b) routinely controls." *N. Carolina Envtl. J. Network v. Taylor*, 2015 WL

1630602, at *3 (E.D.N.C. Jan. 14, 2015) report and recommendation adopted, 2015 WL 1880200 (E.D.N.C. Apr. 13, 2015).

For this reason, therefore, a party is not permitted to make "only a vague and general assertion of the need for the inspection[s], unsupported by a substantive declaration establishing the existence of facts demonstrating the need." *Fitzpatrick v. Arco Marine, Inc.,* 199 F.R.D. 663, 664 (C.D.Cal.2001); *accord Schwab v. Wyndham Int'l, Inc.,* 225 F.R.D. 538, 539 (N.D.Tex.2005). "[T]he request to inspect must avoid 'boiler-plate language' and set forth 'the items to be inspected ... with reasonable particularity.'" *Johnson*, 2002 WL 31464984 at *3. Yet, this is precisely what plaintiff has done.

Here, the balance analysis tips easily in favor of NCO. First, plaintiff has not shown a need for the site inspection, other than by vague references to a generic request. However, plaintiff's counsel has offered no indication of what information is needed, how counsel, without the aid of an expert, expects to obtain that information, and most importantly, how that evidence could actually be used without converting counsel into a fact witness. Conversely, the burden and danger to NCO is great. NCO call centers are located in multiple locations, both within the United States and internationally. As currently requested, plaintiff wants access to all of these sites. The sites are secure, and not open to the public – sensitive and valuable private financial information of third party consumers is maintained within NCO's systems and should not be readily divulged. NCO would be required to open up those sites, and databases to counsel, to then monitor counsel during the inspection and disrupt NCO's normal business operations. Such

burden and danger should not be allowed when there is no relevance of the inspection.

### *A.* ***It Is Unduly Burdensome and Impossible to Allow Plaintiff to Inspect Sites and Systems No Longer Operated By NCO or Systems and Software Different Then What Was Used to Call Plaintiff When Plaintiff Will Gain Nothing From The Inspection.***

As a threshold matter, it is unduly burdensome for NCO to respond to the notice of site inspection because the telephone calls at issue occurred nearly two and a half years ago. In this time, in the natural course of business, NCO has closed or repurposed call centers and changed systems and software. To the extent NCO no longer operates a call center, NCO simply cannot provide access to them. Moreover, to the extent the site is no longer used as a call center or the systems and software have changed, there is no value to plaintiff inspecting the site.

### *B.* ***It Is Unduly Burdensome to Allow Plaintiff to Inspect Sites and Systems Without a Designated Qualified Expert Because Plaintiff Will Obtain Zero Relevant, Admissible Evidence***

Again, plaintiff's purpose in examining NCO's "Call Center" and "telephone systems and any telephone software" is to understand "the particularities of Defendant's telephone system used in the making of calls." (Doc. 20 at 2). To date, however, plaintiff has not declared a single expert witness and, in fact, can no longer disclose one because the Court ordered deadline has long passed. (*See* Doc. 16). Without a qualified expert witness, the requested inspection accomplishes nothing.[2]

---

[2] Further, as this District recognized in *Walker*, infra, a site inspection places the safety and security of the premise and third party consumer data at significant risk. A qualified expert is necessary to insure the safety and security of the premises and data.

Instead, plaintiff's counsel seeks to conduct the examination himself, which will not lead to the discovery of admissible evidence.[3] To the extent plaintiff's counsel learns anything, which NCO believes is highly unlikely, the observations of plaintiff's counsel are not admissible evidence or discoverable by NCO as counsel would undeniably claim that information to be protected by the work-product doctrine. Of course, plaintiff could waive these protections, but this also would be useless as plaintiff's counsel is not qualified to give opinions on this subject. Further, it would disqualify plaintiff's counsel as attorney of record by converting him to a witness in the lawsuit. NCO would then have the right to take depositions and other discovery to, among other things, determine his opinions and qualifications to make them.

### *C. It Is Unduly Burdensome to Allow Plaintiff to Inspect Sites and Systems When Much Less Burdensome Means Exist*

As stated above, plaintiff's notice of site inspection as well as the motion to compel is nothing more than "a vague and general assertion of the need for the inspection[s], unsupported by a substantive declaration establishing the existence of facts demonstrating the need." *Fitzpatrick*, 199 F.R.D.at 664. Plaintiff seeks to "examine Defendant's telephone system and any telephone related software used by Defendant in ***anyway*** for the purpose of making phone calls to ***consumers, including the named Plaintiff*** in the 48 months preceding the institution of this action." (Doc. 20, Ex. B) (emphasis added). In plaintiff's eyes, the inspections are necessary because "the

---

[3] Plaintiff may seek to have a consulting expert inspect the site. This, however, would not lead to the discovery of admissible evidence as the Court's scheduling order precludes the consulting expert from testifying.

particularities of Defendant's telephone system used in the making of calls is the primary, if not sole-source or element remaining in the dispute in the instant case."[4] (Doc. 20 at 2). Ultimately, therefore, the issue here is not plaintiff's need to view and examine the physical sites, systems, and software, but instead plaintiff's purported need to understand the specifications of the systems and software.

The inspection of NCO's "software" necessarily involves examination of the computer systems of NCO, and raises a host of troubling issues. First, those computer systems are necessary to NCO's business, and allowing plaintiff's counsel to inspect them presumably entails a shutting down of the system while counsel does whatever examination he thinks is appropriate. That is obviously disruptive to NCO with no discernable benefit to plaintiff or this case. Second, those computer systems include the private and sensitive information of numerous individuals that would potentially be exposed to counsel's review, again in exchange for nothing that resolves a disputed issue in this case. Third, there has been no showing that plaintiff's counsel has any familiarity, let alone expertise in examining computer systems, so that NCO would also need to dedicate employees to monitor counsel to preserve the integrity of the computers. And all of this to what gain – whether or not NCO's dialing systems meet the definition of an "automatic telephone dialing system" can be determined through far less obtrusive means.

[4] This is nothing more than an exaggeration of the importance of this issue. As with most TCPA litigation, an equally (if not more important issue), is plaintiff having given consent to be called on the cell phone.

Putting aside whether a site inspection would lead to the relevant and admissible information on the nature of NCO's dialing equipment without an expert, as this District recently recognized, there are much less burdensome methods to accomplish plaintiff's goals. *See Walker v. Credit Protec. Ass'n, LP*, 2015 WL 5522000, at *3 (M.D. Fla. Sept. 17, 2015). As ably summarized by the *Walker* Court, "[t]he requested inspection of Defendant's call center would require [extensive travel]. Defendant would need to arrange for an escort for Plaintiff, during the site inspection, and the inspection itself may result in the interruption of the work of many of Defendant's employees. Additionally, Defendant's telephone system and related software contain non-public information regarding third parties." *Id*. The *Walker* Court, therefore, correctly recognized, other means "such as through the service of interrogatories or depositions of Defendant's corporate representative . . . would be more convenient, less burdensome, and less expensive than an on-site inspection of Defendant's call center." *Id.*

In fact, plaintiff already took written discovery pertaining to the types of systems and software used by NCO to make phone calls to plaintiff. NCO served responses nearly four months ago and plaintiff has ignored the responses since. This District recently recognized such written discovery responses by NCO alone are sufficient for a plaintiff to understand the "particularities of Defendant's telephone system" and eliminate the need for a site inspection. *See Vanover v. NCO Financial Systems, Inc.*,

8:14-cv-00964-MSS-EAJ at 5 (M.D. Fla. April 1, 2015).[5] Plaintiff has made no attempts to depose NCO's corporate representative or anyone else on these issues.

### *D. Plaintiff's Reliance on Hunt v. 21st Mortgage Corp. Is Misplaced*

Finally, plaintiff incorrectly asserts this "type of inspection sought [] is the same sort of inspection wholly heartedly approved by other courts in TCPA actions." (Doc. 20 at 4.) In support of this proposition, plaintiff cites only *Hunt v. 21st Mortg. Corp*., 2013 WL 5230061 (N.D. Ala. 2013). Plaintiff cited no other cases, presumably because there are none.[6]

Nevertheless, plaintiff's reliance on *Hunt* is misplaced. In *Hunt*, the Court severally limited the scope of plaintiff's request for site inspection because "[a]n order compelling discovery is not equivalent to a police search warrant, and plaintiff is not to scour the entirety of defendant's property and files in search of evidence." *Id.* at *5. Further, the Court allowed "plaintiff and ***his chosen expert*** [to] inspect any part of [the premises] that was in use by defendant at the time of the events that gave rise to this litigation, along with any other telephone systems that was in use at that time." *Id.* (emphasis added). But again, plaintiff has not and cannot declare an expert qualified to inspect the premises. Moreover, in this case, the requested inspection is far beyond the premises "in use by defendant at the time of the events that give rise to this litigation."

---

[5] The plaintiff is *Vanover* is represented by the same plaintiff's attorney as the current plaintiff. As a result, the discovery request referenced by the *Vanover* court is nearly identical to the discovery response NCO responded to here.

[6] Despite a diligent search, the undersigned cannot locate any other cases plaintiff might refer.

Finally, "the [*Hunt*] Court did not consider whether the plaintiff had attempted to obtain the information by other, less burdensome means." *Walker*, 2015 WL 5522000, at FN 3.

## IV. CONCLUSION

WHEREFORE, NCO requests the Court enter and order denying plaintiff's motion to compel site inspection and other relief the Court deems proper.

Dated: September 24, 2015

Respectfully submitted,

/s/*Michael Schuette*

Michael P. Schuette Jr.
Florida Bar No. 0106181
Rachel A. Morris, Esq.
Florida Bar No. 0091498
Dayle M. Van Hoose, Esq.
Florida Bar No. 0016277
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
3350 Buschwood Park Drive, Suite 195
Tampa, FL 33618
Telephone: (813) 890-2472
Facsimile: (866) 466-3140
mschuette@sessions-law.biz
rmorris@sessions-law.biz
dvanhoose@sessions-law.biz

Attorneys for Defendant,
NCO Financial Systems, Inc.

## CERTIFICATE OF SERVICE

I certify that on this 24th day of September 2015, a copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including Plaintiff's counsel as described below. Parties may access this filing through the Court's system.

John Gadd, Esq.
2727 Ulmerton Road, Suite 250
Clearwater, Florida 33762

/s/*Michael Schuette*
Attorney