UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDSAY M. BILL,

    Plaintiff,

v.                                               Case No. 8:15-cv-00051-JDW-JSS

NCO FINANCIAL SYSTEMS, INC.,

    Defendant.
_____/

## ORDER ON MOTION TO COMPEL SITE INSPECTION

THIS MATTER is before the Court on Plaintiff's Motion to Compel Site Inspection (Dkt. 20) and Defendant's Response in Opposition (Dkt. 23). Upon consideration, the Motion to Compel Site Inspection is denied for the reasons stated below.

## BACKGROUND

On January 9, 2015, Plaintiff, Lindsay M. Bill, filed a Complaint against Defendant, NCO Financial Systems, Inc., alleging that Defendant used an automatic telephone dialing system ("ATDS") to call Plaintiff's cell phone repeatedly, without Plaintiff's express permission. As a result, Plaintiff filed an Amended Complaint on February 27, 2015, alleging that Defendant violated the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, which prohibits any person from making "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

On March 3, 2015, Plaintiff served Defendant with a Notice of Intent to Inspect Defendant's Property and Request for a Time and Date Certain to Facilitate the Inspection and

Photographing of Things and Real Property Related to Defendant's Call Center ("Notice of Site Inspection") (Dkt. 20, Ex. B).  The Notice of Site Inspection requested that

> That Defendant permit Plaintiff to enter Defendant's Call Center and to inspect and to photograph, examine Defendant's telephone system and any telephone related software used by Defendant in any way for the purpose of making phone calls to consumers, including the named Plaintiff in the 48 months preceding the institution of this action.

In response to Plaintiff's Notice of Inspection, Defendant objected to Plaintiff's request as overly broad, vague, and overly burdensome.  Subsequently, on April 21, 2015, Plaintiff served a renewed, identical Notice of Inspection, to which Defendant again objected in response on May 20, 2015.  Plaintiff then filed a Motion to Compel Site Inspection on September 3, 2015.  (Dkt. 20.)  In the motion, Plaintiff contends that "the particularities of Defendant's telephone system used in the making of the calls is the primary, if not sole-source or element remaining in the dispute in the instant case."  As such, Plaintiff claims that entry into Defendant's call center for an inspection of the equipment used by Defendant or its agents to make or assist in making calls to consumers is relevant and necessary to establishing Plaintiff's case and to challenging the veracity of Defendant's defense that it did not use an ATDS in violation of the TCPA.  (Dkt. 11.)

On September 24, 2015, Defendant filed its Response in Opposition to Plaintiff's Motion to Compel Site Inspection (Dkt. 23), in which Defendant asserts that the requested discovery is vague, ambiguous, overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Specifically, Defendant contends that the request seeks information regarding call center sites, equipment, and software no longer in operation or in use and seeks information that can be obtained through other methods of discovery.  Further, Defendant argues that an inspection of its software and computer systems would disrupt

Defendant's business operations by requiring that it shut down its operations during the inspection and could potentially expose private and sensitive information relating to third parties.

## APPLICABLE STANDARDS

Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). Specifically, Federal Rule of Civil Procedure 34 provides that a party may serve on any other party a request to permit entry onto designated land or other property possessed or controlled by the responding party so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation in it. Fed. R. Civ. P. 34(a)(2). Nonetheless, the court must limit the extent of discovery otherwise allowed if it determines that the discovery sought can be obtained from some other source that is more convenient, less burdensome, or less expensive or if the court determines that the burden or expense of proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(C).

## ANALYSIS

Plaintiff contends that a site inspection of Defendant's call center to examine the equipment used by Defendant in making calls to consumers is necessary for Plaintiff to meet her burden of establishing that Defendant used an ATDS to call Plaintiff's cell phone and to refute Defendant's defense that it did not use an ATDS. However, the Court finds that the burden of the requested discovery outweighs its likely benefit. Specifically, Plaintiff is able to obtain the information she seeks through other methods of discovery, such as requests for production, interrogatories, requests for admissions, or deposition of Defendant's corporate representative. Indeed, Defendant indicates

that Plaintiff took written discovery regarding Defendant's equipment and software used to make calls to Plaintiff and that Defendant served responses to such discovery requests.

The burden imposed on Defendant by Plaintiff's request outweighs its benefit, as Defendant's call centers are located in multiple locations throughout the United States and internationally and are secure, non-public locations that contain sensitive and valuable private information of third-party consumers. A site inspection would unnecessarily disrupt Defendant's business operations by requiring supervision and assistance by Defendant's employees during the inspection to open databases, monitor Plaintiff's counsel, and oversee the inspection to ensure that third-party consumer data is not divulged and that its equipment is not damaged. Further, as stated above, this finding does not foreclose Plaintiff from obtaining the information she seeks to prove and defend her case. Rather, Plaintiff is entitled to obtain such information by other means that are more convenient, less burdensome, and less expensive than the site inspection of Defendant's call center. Accordingly, it is

**ORDERED** that Plaintiff's Motion to Compel Site Inspection (Dkt. 20) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on September 28, 2015.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record